IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
LOUIS A. GRANT, INC.,           )
                                )   2:07cv438
            Plaintiff,          )   Electronic Filing
                                )
      v.                        )   Judge Cercone
                                )   Magistrate Judge Caiazza
HURRICANE EQUIPMENT, INC.,      )
                                )
            Defendant.          )
```

**OPINION AND ORDER**

**I.   OPINION**

For the reasons that follow, the default entered in this case will be vacated, the Defendant's Motion to set aside the default denied as moot, and the Plaintiff's Motion for default judgment denied.

**BACKGROUND**

The Plaintiff filed its Complaint on April 3, 2007 and sent it, along with a waiver of service form, to the Defendant on April 13, 2007 via certified and regular mail. *See* Def.'s Mot. (Doc. 19) at ¶¶ 1-2. Consistent with Federal Rule 4(d)(2), counsel advised that the waiver form was "being sent" to avoid the "cost of serv[ice]." *See* Ex. A to Doc. 19. Counsel also stated that, should the Defendant not execute and return the form by May 13th, the Plaintiff would effectuate formal service and request that the costs be charged to the Defendant. *Compare id.* *with* Fed. R. Civ. P. 4(d)(2) & (d)(2)(F) ("[t]o avoid costs,

the plaintiff may . . . request that the defendant waive service of a summons," such request "shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent," and if defendant fails to timely comply with request, "the court shall impose [on it] the costs subsequently incurred in effecting service").

The waiver form was not returned before May 13th, and on July 24th the Plaintiff attempted to formally serve, through a process server, the lawyer then representing the Defendant. Def.'s Mot. at ¶ 5; Pl.'s Opp'n Br. at 2. According to the lawyer's sworn affidavit, the process server presented for signature a copy of the April 13th waiver form, which counsel mistook for an acceptance of service form. *See* Aff. of M. Frazier, Esq. (attached as Ex. B to Doc. 19) at ¶ 16; *see also id.* (counsel was rushing to attend court hearing when process server appeared). The lawyer signed the waiver of service form, and Plaintiff's counsel filed it on July 31, 2007. Def.'s Mot. at ¶¶ 6-7.[1]

---

[1]  The Plaintiff generally denies the sworn statements of the Defendant's former counsel.  See Pl.'s Resp. (Doc. 24) at ¶ 6. The denial is made, however, based on the Plaintiff's lack of knowledge regarding the statements, and this is insufficient to refute the Defendant's sworn testimony.

According to the Plaintiff, its counsel was later contacted by the Deputy Clerk of Court, who requested an application for entry of default. See Pl.'s Br. Presumably, this request was triggered by the waiver form's date of mailing, marked as April 13th, and the expiration of the answer deadline, which ran sixty days thereafter. See Waiver of Service of Summons (Doc. 11); see also Fed. R. Civ. P. 4(d)(3) (upon defendant's timely return of waiver form, it must "serve an answer to the complaint [within] 60 days [of] the date on which the request for waiver of service was sent").

The Plaintiff took a default, see Docs. 12 & 13, and then filed a Motion for default judgment. See Doc. 16.

**ANALYSIS**

Given the language and intent of Federal Rule 4(d)(2), the Plaintiff's request for, and the Clerk's grant of, default based on the waiver of service form was improvident. Although the form had a "sent" date of April 13th, the Defendant has presented undisputed evidence that its prior counsel signed a copy hand-delivered on July 24th. See discussion supra. Under the circumstances, and unbeknownst to the Clerk's Office, the actual date of transmission was the later date.

Use of the April 13th mailing date was illogical on its face. As the waiver form stated, the signatory was charged with "understand[ing] that a [default] judgment [could] be entered

against [the Defendant] if an answer or motion under Rule 12 [wa]s not served upon [the Plaintiff] within 60 days after April 13, 2007." *See* Waiver of Service of Summons. Sixty days after April 13th was June 12th, a date that preceded Defense counsel's signature. Counsel surely did not agree to the entry of default judgment against his client; yet, according to the Plaintiff this was the operative effect of his signature.

While former counsel admits to having made a mistake in signing the waiver form, it was the Plaintiff who was responsible for the procedural irregularity. First, given that actual service was being attempted on July 24th, the presentation of a waiver form itself made little sense. Second, presuming the Plaintiff timely secured a waiver through its hand delivery of the form on July 24th, that was the true date of transmission, not April 13th. Finally, the Plaintiff's submission of a waiver form dated April 13th but signed on July 24th was inconsistent with the language and intent of Rule 4(d). *Compare* discussion *supra* (noting Plaintiff's indication, consistent with Rule 4(d)(2), that Defendant had until May 14th to execute and return waiver form before actual service would be effectuated) *with* Fed. R. Civ. P. 4(d)(3) (Rule will be given operative effect where defendant "timely returns a waiver [form]").

In sum, the Plaintiff's submission of the waiver form with a transmission date of April 13th was improvident, as was the resulting grant of default. Under the circumstances, the court need not reach the factors regarding the setting aside of a default[2] because the default never should have been entered in the first place.[3]

The question that remains is where the parties go from here. Given that the waiver of service form signed on behalf of the Defendant was "sent" by hand delivery on July 24th, the Defendant has sixty days from that date to answer or otherwise respond to the Complaint. Sixty days from July 24th is September 22, 2007, and that date has yet to pass. Thus, the Defendant is not untimely and the default must be vacated.

Given the facts in this case, moreover, the court finds it appropriate to extend the Defendant's response deadline until twenty (20) days after the entry of this Order.

---

[2] Even were the court to reach the relevant factors, the Defendant's request to set aside the default would be well taken. *See generally* Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73-74 (3d Cir. 1987) (citations omitted). Specifically: lifting the default would not prejudice the Plaintiff, who only secured the waiver in late July 2007; the Defendant is not culpable, given the Plaintiff's failure to comply with Federal Rule 4(d)(2); the Defendant has *prima facie* meritorious defense(s), *see* Def.'s Br. (Doc. 21) at 6-10; and there is no basis for entering alternative sanctions, let alone the default. *Compare id. with* discussions *supra*.

[3] The Clerk's Office should not be, and is not being, rebuked for following its normal operating procedures in granting the default. Again, it was Plaintiff's submission of the waiver form, incorrectly identifying the transmission date as April 13th (or alternatively its submission of an untimely executed waiver form), that caused the procedural breakdown.

Finally, in light of the Plaintiff's submission of an improperly dated waiver form, the court believes and therefore will order that the Plaintiff cannot shift its costs of attempted service under Federal Rule 4(d)(2) based on the Defendant's initial failure to execute a waiver.  *Cf.* Fed. R. Civ. P. 4(d)(2) (granting court discretion to refuse cost shifting for "good cause").  While the Plaintiff purportedly took its default upon the direction of the Clerk's office, it knew or should have known default was inappropriate given the Defendant's execution of a waiver form delivered on July 24th.

For all of these reasons, the court enters the following:

## II.  ORDER

For the reasons stated above:

(a)   the default entered in this case (**Doc. 13**) is **VACATED**;

(b)   the Defendant's Motion to set aside the default (**Doc. 19**) is **DENIED AS MOOT**;

(c)   the Plaintiff's Motion for default judgment (**Doc. 16**) is **DENIED**;

(d)   the Defendant shall plead or otherwise respond to the Complaint within twenty (20) days of this Order; and

(e)   the Plaintiff is not entitled to shift its costs of attempted service to the Defendant under Federal Rule of Civil Procedure 4(d).

THESE THINGS ARE SO ORDERED on this \_\_\_\_14th\_\_\_\_ day of September, 2007.

_D8lercone_
David Stewart Cercone
United States District Judge

cc: Honorable Francis X. Caiazza
United States Magistrate Judge

Frank G. Murphy, Esquire
Frey, Petrakis, Deeb, Blum & Briggs
1601 Market Street
Suite 2600
Philadelphia, PA 19103

Dennis A. Watson, Esquire
Holly M. Whalen, Esquire
Grogan Graffam, P.C.
Four Gateway Center
12th Floor
Pittsburgh, PA 15222